UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| LORI GEAR, | CASE NO. 09-14214-NPO |
| DEBTOR. | CHAPTER 13 |
| BETTY PERKINS | PLAINTIFF |
| VS. | ADV. PROC. NO. 10-01009-NPO |
| LORI GEAR | DEFENDANT |

MEMORANDUM OPINION GRANTING MOTION FOR SUMMARY JUDGMENT
IN FAVOR OF BETTY PERKINS

This matter came before the Court for consideration on the Motion for Summary Judgment (the "Motion for Summary Judgment")(Adv. Dkt. No. 14) and the Memorandum Brief in Support of Motion for Summary Judgment (the "Brief")(Adv. Dkt. No. 15) filed by Betty Perkins ("Ms. Perkins") and the Debtor's Response and Memorandum Brief in Opposition to Plaintiff's Motion for Summary Judgment and Memorandum Brief in Support of Motion for Summary Judgment (Adv. Dkt. No. 17) filed by Lori Gear (the "Debtor"). Susan N. O'Neal represents Ms. Perkins, and Arnold D. Lee represents the Debtor. Having reviewed the pleadings and exhibits, the Court finds that the Motion for Summary Judgment is well-taken and should be granted for the reasons set forth below.[1]

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this matter pursuant

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7052.

to 28 U.S.C. § 1334. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

## Facts

In July of 2005, Ms. Perkins rented a house in Greenville, Mississippi from the Debtor. A dispute arose between Ms. Perkins and the Debtor regarding the amount of late fees owed by Ms. Perkins to the Debtor. On or about November 19, 2005, the Debtor and the Debtor's husband[2] went to Ms. Perkins's home and removed all of the exterior doors to the house as well as the only toilet in the house. Ms. Perkins filed a complaint against the Debtor and the Debtor's husband in the County Court of Washington County (the "State Court") on November 23, 2005, alleging trespass and intentional infliction of emotional distress. A bench trial ("State Court Trial") was held on November 14, 2007. On November 15, 2007, the State Court entered the Ruling of the Court (the "State Court Judgment").[3] The State Court found, in pertinent part, as follows:

> The Plaintiff herein [Ms. Perkins] leased a house from Defendant Lori Howard Gear. A dispute arose over the untimely payment of rent and the amount of late fees that could be assessed. Three months into the lease, the Defendants [the Debtor and the Debtor's husband] went to the home of the Plaintiff [Ms. Perkins], while she was at work, and removed all of the entry doors and the only toilet in the house.

\* \* \* \*

---

[2] The Debtor's husband is Kendrick Gear, who filed a voluntary petition (Case No. 07-13338-NPO, Dkt. No. 1) in this Court under chapter 13 of the Bankruptcy Code in 2007. Ms. Perkins filed Adversary Proceeding No. 09-01062-NPO seeking a judgment that the debt created by the same State Court Judgment discussed herein was nondischargeable as to Kendrick Gear under 11 U.S.C. § 523(a)(6). This Court entered the Judgment by Default (Adv. Dkt. No. 26) against Mr. Gear on September 14, 2009. Mr. Gear appealed the Judgment by Default, and that appeal is currently pending before the United States District Court for the Northern District of Mississippi. Since that time, Kendrick Gear's bankruptcy case has been dismissed by order of this Court (Dkt. No. 362) based on this Court's finding that Mr. Gear's conduct demonstrated that his case was not filed in good faith.

[3] State Court Judgment, Exhibit D to the Motion for Summary Judgment.

> According to the proof presented, the Plaintiff Betty Perkins missed three (3) days of work at $8.50 an hour, as a direct result of the trespass into her home wherein the only toilet and all three of the outer doors were removed by the Defendants [the Debtor and the Debtor's husband]; Plaintiff [Ms. Perkins] was without the use and enjoyment of her home one and one-half (1 ½) months while the house remained unsecured; Plaintiff suffered physical discomfort resulting from the lack of a toilet in the home for two weeks as well as from the inability to heat the house without doors for seven weeks; and in Count II, the Plaintiff [Ms. Perkins] suffered emotional and mental distress and humiliation as testified to by the Plaintiff.

State Court Judgment. While the Debtor and the Debtor's husband filed an appeal of the State Court Judgment to the Circuit Court of Washington County, the appeal was dismissed on May 9, 2008, as untimely filed. (Brief, p. 4) The State Court Judgment, therefore, is a final order of that court.

### Issue

At issue before the Court is whether Ms. Perkins is entitled to a judgment as a matter of law declaring that the debt created by the State Court Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).[4]

### Discussion

### I. Summary Judgment Standard

Federal Rule of Civil Procedure ("Civil Rule") 56, made applicable to bankruptcy proceedings pursuant to Bankruptcy Rule 7056, states that summary judgment is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for

---

[4] Hereinafter, all code sections refer to the United States Bankruptcy Code, located at Title 11 of the United States Code, unless otherwise noted.

that party," and material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips Oil Co. v. OKC Corp., 812 F.2d 265, 272-73 (5th Cir. 1987). Civil Rule 56(e)(2) further provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2).

Thus, the moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has made its required showing, the nonmovant must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324. In any event, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

## II. Section 523(a)(6) Standard

Section 523(a)(6) provides an exception from discharge as follows:

> (a) A discharge under section 727, . . . of this title does not discharge an individual   debtor from any debt --
> . . .
>    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Section 523(a)(6). Under § 523(a)(6), a plaintiff must establish three elements to render a pre-

petition obligation nondischargeable: (1) injury by the debtor; (2) to another (or property of another); and, (3) such injury was willful and malicious. The standard of proof in an action under § 523(a) is the "preponderance of the evidence" standard rather than the more rigorous "clear and convincing evidence" standard. Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991); *see also* RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1292 (5th Cir. 1995).

The U.S. Supreme Court has held that "[t]he word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original). Additionally, the Supreme Court has decided, "that debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Id. at 64.

The Fifth Circuit has interpreted § 523(a)(6) on a number of occasions since Kawaauhau. In Miller v. J.D. Abrams Inc. (In re Miller), 156 F.3d 598, 606 (5th Cir.1998), the Fifth Circuit held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." The Miller court in defining "malicious" rejected that it meant an act without just cause or excuse. Id. at 605-606. Instead, it adopted the "implied malice standard" and defined "malicious" as an act done with the "actual intent to cause injury." Id. at 606. The court observed that this definition of "malicious" is synonymous with the definition of "willful." Id. Thus, it found the "treatment of the phrase as a collective concept is sensible given the Supreme Court's emphasis on the fact that the word they modify is 'injury.'" Id.; *see also* Raspanti v. Keaty (In re Keaty), 397 F.3d 264, 270 (5th Cir. 2005).

Later, in Williams v. IBEW Local 520 (In re Williams), 337 F.3d 504, 509 (5th Cir. 2003), the Fifth Circuit found that the "test for willful and malicious injury under Section 523(a)(6), thus,

is condensed into a single inquiry of whether there exists 'either an objective substantial certainty of harm or a subjective motive to cause harm' on the part of the debtor." S*ee also* Texas v. Walker, 142 F.3d 813, 823 (5th Cir.1998)(stating "for willfulness and malice to prevent discharge under Section 523(a)(6), the debtor must have intended the actual injury that resulted. . . . Intent to injure may be established by showing that the debtor intentionally took action that necessarily caused, or was substantially certain to cause, the injury.")(citing In re Delaney, 97 F.3d 800, 802 (5th Cir. 1996)).

### III.  Collateral Estoppel

The Motion for Summary Judgment asserts that collateral estoppel applies to the State Court Judgment, and the debt should be declared nondischargeable under § 523(a)(6). In Duffie v. United States, 600 F.3d 362, 372 (5th Cir. 2010)(internal citations omitted), the Fifth Circuit held that "[c]laim preclusion bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." The Fifth Circuit has also instructed that, "[c]ollateral estoppel applies in bankruptcy dischargeability proceedings, but the bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable." Caton v. Trudeau (In re Caton), 157 F.3d 1026, 1028 (5th Cir. 1998). *See also* Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta), 394 F.3d 347, 349-50 (5th Cir. 2004)(bankruptcy court may apply collateral estoppel to preclude relitigation of findings relevant to dischargeability but ultimate determination of dischargeability is a federal question); Dennis v. Dennis (In re Dennis), 25 F.3d 274, 278 (5th Cir. 1994) (the ultimate finding of whether a debt is nondischargeable is solely in the province of the bankruptcy court). Therefore, "collateral estoppel can provide a[ ] basis to satisfy the elements of § 523(a)(6)." Raspanti, 397 F.3d at 270.

Based on federal case law, this Court must look to Mississippi law to determine whether collateral estoppel should be applied in this case. Id.; *see also* American Casualty Co. v. United Southern Bank, 950 F.2d 250, 253 (5th Cir. 1992)(a federal court must give a state court judgment the same preclusive effect it would have under that state's law); Gilleylen v. Evans (In re Evans), 252 B.R. 366, 380 (N.D. Miss. 2000)(standards relative to issue preclusion developed in forum state should be utilized when determining applicability of collateral estoppel). In American Casualty, the Fifth Circuit held:

> The district court correctly stated the Mississippi law doctrine of collateral estoppel that parties will be precluded from relitigating a specific issue which was: actually litigated in the former action; determined by the former action; and, essential to the judgment in the former action.

American Casualty, 950 F.2d at 253 (citing Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss.1982)); *see also* Raju v. Rhodes, 809 F.Supp. 1229, 1236 (S.D.Miss.1992); Channel v. Loyacono, 954 So.2d 415, 425 (Miss. 2007). In a case dealing with the effect of a state court judgment on a bankruptcy court's determination of dischargeability, the Fifth Circuit held:

> Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question - that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue - and the facts supporting the court's findings are discernible from that court's record."

Dennis v. Dennis (In re Dennis), 25 F.3d 274, 278 (5th Cir. 1994).

### IV.    Application of Standards

For collateral estoppel to apply in this case, the Court must determine that specific issues pertinent to a finding of a willful and malicious injury under § 523(a)(6) were: (1) actually litigated in the State Court; (2) that the State Court made determinations regarding issues; and, (3) that those findings were essential to the judgment entered in the State Court proceeding. Additionally, the

facts supporting the State Court's findings must be discernable from that court's record. In re Keaty, 397 F.3d at 271 (citing In re Dennis, 25 F.3d at 287) ; *see also* In re Allman, 735 F.2d 863, 865 (5th Cir. 1984)(citations omitted), *cert denied*, 469 U.S. 1086, 105 S. Ct. 590, 83 L.Ed.2d 700 (1984).

The State Court Judgment memorializes that the State Court heard and considered evidence from Ms. Perkins and two (2) other witnesses called in Ms. Perkins's case in chief as well as evidence presented by the witness called by the Debtor and the Debtor's husband. The State Court Judgment also states clearly that both the Debtor and the Debtor's husband were liable for trespass and intentional infliction of emotional distress. This Court must now determine whether the State Court pleadings and supporting documentation, including the State Court Judgment and the transcript of the hearing (the "Transcript")[5] from the State Court Trial, provide a sufficient basis upon which to determine that a finding on the merits was made regarding whether the Debtor's conduct, which injured Ms. Perkins and Ms. Perkins's property, was "willful and malicious" so that the award in the State Court Judgment should be excepted from discharge under § 523(a)(6).

### A. Key Facts from the Transcript

Key facts from the Transcript ("Facts from the Transcript") show that the following evidence was before the State Court: Ms. Perkins and the Debtor shared a tenant/landlord relationship wherein Ms. Perkins was the tenant, and the Debtor was the landlord (Tr. p. 7); a dispute[6] arose between Ms. Perkins and the Debtor regarding the amount of late fees owed by Ms. Perkins to the Debtor (Tr. pp.

---

[5] The Transcript, Exhibit C to the Motion for Summary Judgment.

[6] The dispute arose when the Debtor claimed that Ms. Perkins owed her $10/day in late fees as opposed to the $10/month late fee provided for in the lease agreement. The Debtor claimed that Ms. Perkins owed her $190 in late fees. (Tr. pp. 14-15).

14-15); the Debtor made numerous telephone calls to Ms. Perkins at her place of employment regarding the disputed late fees (Tr. p. 12); the Debtor sent Ms. Perkins correspondence wherein she purported to evict Ms. Perkins (Tr. p. 14); the Debtor enlisted her husband's assistance in collection of the disputed late fees (Tr. p. 16); the Debtor enlisted the aid of her brother in collection of the disputed late fees (Tr. p. 19); and, the Debtor used vulgar language in speaking to Ms. Perkins (Tr. p. 19). The evidence also showed that the Debtor and the Debtor's husband went to Ms. Perkins's house where they removed the only toilet and all the exterior doors to the house (Tr. pp. 44-45, 50, 55, 58, and 63) in response to the dispute regarding the amount of late fees owed by Ms. Perkins. *See* Milburn, 850 So. 2d at 1223. The fact that the Debtor and the Debtor's husband put forth no evidence to refute the proof offered by Ms. Perkins is clear from a reading of the Transcript. The Facts from the Transcript are relevant and common to both the claims of trespass and intentional infliction of emotional distress tried by the State Court.

### B. Trespass

Based on the facts outlined above, the State Court found the Debtor liable for trespass. Pursuant to Mississippi case law, "[t]respass to land is the intentional entry upon land in the exclusive possession of another without privilege or consent to enter." Wallace v. Thornton, 672 So. 2d 724 (Miss. 1996). A "trespasser" is defined as "one who enters upon another's premises without license, invitation, or other right, and intrudes for some definite purpose of his own, or at his convenience." Milburn v. Vinson, 850 So. 2d 1219, 1223 (Miss. App. 2002)(internal citations omitted).

In order for the State Court to find that the Debtor was liable for trespass, it was essential for the State Court to find that the Debtor entered onto the leased property of Ms. Perkins without license, invitation or other right, and that the Debtor intruded on that property for her own definite

purpose. *See* Milburn, 850 So. 2d at 1223. The Facts of the Transcript support the findings set forth in the State Court Judgment that the Debtor is liable for trespass.

Additionally, the proof presented demonstrated that Ms. Perkins suffered actual damages as a result of the Debtor's trespass, namely: (1) Ms. Perkins missed three days of work at $8.50 per hour (Tr. pp. 25-26); (2) Ms. Perkins was denied the use and enjoyment of the rental home for one and one-half months while the house remained unsecured due to the removal of the exterior doors (Tr. pp. 26-28); and, (3) Ms. Perkins suffered physical discomfort resulting from the lack of a toilet in the rental house for two weeks as well as the inability to heat the house for seven weeks due to the removal of the exterior doors. (Tr. pp. 26-28).

Under § 523(a)(6), a plaintiff must establish by a preponderance of the evidence three elements to render a pre-petition obligation nondischargeable: (1) injury by the debtor; (2) to another (or property of another); and, (3) such injury was willful and malicious. The evidence before the State Court clearly proved by a preponderance of the evidence that there existed: (1) injury in the form of trespass by the Debtor for the purpose of removing the only toilet and all the exterior doors; (2) to Ms. Perkins and the leased property of Ms. Perkins; and, (3) the injury was willful and malicious. Using the Fifth Circuit's Miller standard that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm," this Court also finds that the injury was wilful and malicious. *See* Miller, 156 F.3d at 606. The Debtor's removal of all the exterior doors and the only toilet from Ms. Perkins's home in response to a late fee dispute valued at less than $200 evidences a subjective motive to cause harm.[7] Accordingly, this

---

[7] In the alternative, the evidence also supports a finding that the Debtor's actions created the existence of an objective substantial certainty of harm. In either case, the Miller standard for willful and malicious injury has been met.

Court concludes that: (1) the State Court Judgment provides a sound basis for collateral estoppel in this case; (2) the State Court Judgment award of $204.00 in lost wages and $6,750.00 in loss of use and enjoyment of her home represents damages that were the result of a "willful and malicious injury by the debtor to another entity or to the property of another entity" pursuant to § 523(a)(6); and, (3) the State Court Judgment award is, therefore, nondischargeable.

### C. Intentional Infliction of Emotional Distress

The State Court also found the Debtor liable for intentional infliction of emotional distress. The Mississippi Supreme Court has held that, "[t]o justify a finding that th[e] tort [of intentional infliction of emotional distress] has occurred, the defendant's conduct must be 'wanton and wilful and it would evoke outrage or revulsion.'" Speed v. Scott, 787 So. 2d 626 (Miss. 2001) (citing Leaf River Forest Products, Inc. v. Ferguson, 662 So. 2d 648, 659 (Miss. 1995)).

The "wanton and wilful" standard for the level of intent required for a finding of intentional infliction of emotional distress appears to be identical to the "willful and malicious" standard under § 523(a)(6). To emphasize the reprehensible nature of the actions of the Debtor and the Debtor's husband, the State Court Judgment noted that the only witness called by the Debtor and the Debtor's husband to testify on their behalf at the State Court Trial described their actions as "shameful."[8] Clearly, the actions of the Debtor and the Debtor's husband evoked outrage or revulsion on the part of their own witness. Likewise, it is clear from the State Court Judgment that the actions of the Debtor and the Debtor's husband evoked outrage or revulsion on the part of the State Court. This Court feels no differently. The removal of the only toilet and all the exterior doors from Ms. Perkins's home in response to a disputed $190 in late fees is deplorable.

---

[8] The Transcript actually quotes the witness as saying their actions were "a disgrace." (Tr. p. 72).

This Court finds that the facts supporting the State Court's findings of liability for intentional infliction of emotional distress are discernable from the Transcript as set forth in Section A herein. The Facts from the Transcript, therefore, verify that the proof admitted into evidence supported the findings set forth in the State Court Judgment that the Debtor is liable for intentional infliction of emotional distress. For the same reasons discussed in Section B on Trespass herein and using the Miller court standard for willful and malicious injury, this Court finds that Ms. Perkins has proven by a preponderance of the evidence: (1) injury in the form of intentional infliction of emotional distress by the Debtor; (2) to Ms. Perkins; and, (3) the injury was willful and malicious. Accordingly, this Court concludes that: (1) the State Court Judgment provides a sound basis for collateral estoppel in this case; (2) the State Court Judgment award of $9,000.00 for emotional and mental distress and humiliation represents damages that resulted from a "willful and malicious injury by the debtor to another entity" pursuant to § 523(a)(6); and, (3) the State Court Judgment award is, therefore, nondischargeable.

## Conclusion

For the reasons stated herein, the Court finds that the Motion for Summary Judgment is well-taken and should be granted. A separate order consistent with this Memorandum Opinion will be entered by the Court in accordance with Bankruptcy Rule 7054.

*/s/ Neil P. Olack*
Neil P. Olack
United States Bankruptcy Judge
Dated: August 12, 2010